UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW A. SMITH,

                              Plaintiff,

                                                                               DECISION AND ORDER

                                                                               07-CV-6626L

                    v.

COMMISSIONER OF SOCIAL SECURITY,


                              Defendant.
_____

       Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On September 24, 2004, plaintiff, then nineteen years old, filed an application for Disabled Adult Child's benefits and Supplemental Security Income under Title II of the Social Security Act. Plaintiff alleged an inability to work since his birth, August 26, 1985, due to Asperger's Syndrome, Tourette's Syndrome, Attention Deficit Hyperactivity Disorder ("ADHD"), and learning disabilities. (T. 75). His application was initially denied. (T. 44). Plaintiff requested a hearing, which was held on April 3, 2007 before Administrative Law Judge ("ALJ") John P. Costello. (T. 235). The ALJ issued a decision on May 23, 2007, concluding that plaintiff was not disabled under the Social Security Act. (T. 13-23). That decision became

the final decision of the Commissioner when the Appeals Council denied review on October 12, 2007.  (T. 5-7).  Plaintiff now appeals.

## DISCUSSION

To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ proceeds through a five-step sequential evaluation.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."  If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the collective impairments.  *See* 20 CFR §404.1520(e), (f).  Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work.  If so, the

claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).  Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770,  774 (2d Cir. 1998)  *quoting  Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987) ("[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles"). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

ALJ Costello issued an 8-page decision considering plaintiff's claim of disability, and made detailed findings to support his determination. Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by is substantial evidence.

The ALJ set forth the medical evidence in detail, with special focus on plaintiff's Asperger's Syndrome, ADHD and learning difficulties. I believe the evidence supports the ALJ's conclusion that plaintiff, then a twenty-one year old man who completed 12th grade special education classes and who has never worked, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including but not limited to the unskilled positions of packing machine operator and kitchen porter.

In determining plaintiff's RFC, the ALJ considered, *inter alia*, plaintiff's activities of daily living.  The record, including plaintiff's hearing testimony, indicates that plaintiff spends his days attending school, watching television, playing video games, and occasionally playing basketball and baseball with his brother.  Plaintiff can bathe, dress and otherwise care for his person independently, as well as prepare meals, perform light housework, and care for multiple pets.  Plaintiff testified that after graduating from high school, he looked for work for six months with the assistance of someone else, but did not apply for any jobs because he "couldn't find anything that [he] liked."  (T. 246).

The ALJ also examined plaintiff's educational records and the reports of examining physicians, and properly concluded consistent with those reports that plaintiff was unlimited in his ability to accomplish activities of daily living, had moderate social difficulties, and moderate difficulties in maintaining concentration, persistence, and/or pace.  There were no relevant reports of treating physicians to consider, as plaintiff has not required psychiatric treatment since age 16, although he has received counseling at school.  At the hearing, he testified that his last visit to a doctor had been in June 2006, to receive treatment for a cold.  (T. 249).  According to his mother, his Tourette's syndrome is "not very severe and doesn't seem to bother him."  (T. 110).  He takes no medications except for an asthma inhaler and nebulizer, for mild asthma.  (T. 110, 140).

In fact, none of the plaintiff's medical records or examining physician reports support his claim of total disability.  Although plaintiff urges the Court to find that he is disabled because he meets the criteria for the Listing of Impairments at 12.10, 10 C.F.R. Part 404, Subpt. P, App. 1

§12.10 (Autistic disorder and other persuasive developmental disorders), the ALJ appropriately declined to do so, since the there was insufficient evidence in the record to support the requisite findings of "marked" restrictions in activities of daily living, social functioning, concentration, persistence or pace, or repeated, extended episodes of decompensation.  To the contrary, the report of the state agency psychologist who examined plaintiff and completed a residual functional capacity assessment opined that plaintiff's limitations, although "moderate" in some respects, did not reach the "marked" level.  (T. 190-207).

With respect to the determination of plaintiff's RFC, the plaintiff's school counselor and examining physicians consistently indicate that the plaintiff has no appreciable exertional limitations, and has nonexertional limitations consisting of: (1) low to average intelligence, with the ability to follow and understand simple instructions;(2) ability to make only simple decisions, cooperate superficially  and tolerate low-level routine changes; and (3) mild to moderate difficulties with interpersonal relationships and social interactions.  (T. 138, 140, 181, 183, 210-211).  As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the requisite residual functional capacity, consistent with the opinions of his examining physicians, to engage in the full exertional range of unskilled work, with the ability to perform only simple, one or two-step tasks, with no more than occasional interaction with coworkers and the general public, and close supervision.  (T. 22, 258-259).  There is no dispute that the positions identified by the vocational expert, packing machine operator and kitchen porter, are consistent with this RFC.

Based on the foregoing, I believe the ALJ applied the proper procedure and that his decision is supported by substantial evidence. As such, I find no reason to modify that decision.

CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #7) is granted, and plaintiff's cross motion for summary judgment (Dkt. #10) is denied. The Commissioner's decision that plaintiff, Matthew Smith, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 5, 2009.